Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 1 C 6194 | DATE | 12/18/2001 |
| CASE TITLE | Linda Evans vs. City of Chicago, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: We grant [9-1], [8-1] the defendants' motion to dismiss the plaintiff's complaint without prejudice for failure to state a claim upon which relief may be granted pursuant to FRCP 12(b)(6). The plaintiff's request for court ordered mediation is [12-1] denied as moot. This case is terminated.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | DEC 21 2001 date docketed | 16 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | DEC 21 2001 docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | DEC 21 2001 date mailed notice | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LINDA EVANS, )
)
        Plaintiff, )
) Judge Wayne R. Andersen
v. )
) No. 01 C 6194
CITY OF CHICAGO, et al., )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the motion of the defendants to dismiss the complaint filed by plaintiff Linda Evans for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the defendants' motion to dismiss is granted.

## BACKGROUND

DEC 21 2001

Plaintiff Linda Evans is a resident of the City of Chicago, Illinois. The defendants in this case are the City of Chicago, the Chicago Police Department, and a number of individual Chicago Police officers including Commander Michael Shields, Sargent Doris Haynes, Officer Linda Griffith, Officer Delores Gibson-Edwards, and Officer Thurston Daniels. Evans filed the instant *pro se* complaint on August 13, 2001. From what is identified on the face of this complaint, Evans apparently argues that the defendants engaged in a "pre-meditated conspiracy" to commit numerous illegal acts, most of which she claims are hate crimes. Additionally, Evans has alleged she was the victim of a variety of untoward acts perpetrated by the individual

1



defendants. Specifically, she has alleged that Commander Shields and Sgt. Haynes violated her "human rights to be of service to [her] community" by rigging a local election. Officer Griffith is accused of "abuse of authority, attempting to make a false arrest, defamation to [her] character, threats not to attend future meetings, police brutality and misconduct, and endangering the lives and safety of [Evans] and others." Officer Gibson-Edwards allegedly abused her position as a police officer, placed "handcuffs that were pinching," tried to make a false arrest, and assisted another officer who purportedly "was in the wrong." Finally, Evans has alleged that Officer Daniels engaged in the tort of violating the duty "to serve and protect."

## DISCUSSION

In considering the defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all allegations set forth in the complaint and draw all reasonable inferences in favor of Evans. *See Lachmund v. ADM Investor Services, Inc.*, 191 F.3d 777, 782 (7th Cir. 1999). A motion to dismiss, pursuant to Rule 12(b)(6), will only be granted if it appears that Evans could not prove any set of facts in support of her claims entitling her to relief. *See Slaney v. Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 597 (7th Cir. 2001); *see also Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957).

In this case, the defendants argue that we should dismiss Evans' complaint because it violates the liberal pleading requirements of Federal Rule of Civil Procedure 8. Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), that will "give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160 (1993).

In order to determine if a particular complaint satisfies this relatively relaxed standard, we must review the plaintiff's statement of the claim to determine whether the plaintiff has set forth facts supporting a cause of action that would entitle her to relief. *Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir. 1988). However, we are not required to accept legal conclusions, inferences, or allegations unwarranted by the facts as presented in the pleadings. *Mid-Am. Reg'l Bargaining Ass'n v. Will County Carpenters Dist. Council*, 675 F.2d 881, 883 (7th Cir. 1982). The accepted standard for determining the sufficiency of a complaint does not permit dismissal "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitled [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957).

In a very recent case, the Seventh Circuit was confronted with a *pro se* complaint that the defendant argued should be dismissed because it violated Rule 8 in that it contained repetitious and irrelevant matter. *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 819 (7th Cir. 2001). The court held that it was inappropriate to dismiss a case simply because it contained "superfluous matter." *Id.* at 820. Rather, the court instructed that a district court, when confronted with a motion to dismiss based on Rule 8, should determine if the complaint is adequate "to put the defendant on notice of the plaintiff's claim." *Id.* (citing *Leatherman*, 507 U.S. at 163). That being said, however, the court continued by raising a distinction between a properly drafted complaint that contained extraneous material and one that is simply unintelligible. In the case of the latter, the court stated that dismissal in such a circumstance is "unexceptionable" because "such a complaint fails to give the defendant the notice to which he is entitled." *Id.*

In the present case, we find that Evans' complaint can only be characterized as unintelligible. The complaint is like a road with so many twists and turns that the reader ends up

3

completely discombobulated. From what we are able to discern based on our own reading of the complaint, Evans feels her civil rights were violated when the defendants allegedly attempted to prevent her from attending meetings of the Police District Advisory Counsel. However, Evans has not identified any particular civil rights which were violated. Instead, she offers a story filled with disjointed allegations which purportedly support the argument that the defendants violated the plaintiff's civil rights. Nevertheless, this Court cannot allow a lawsuit that is based on legal conclusions, inferences or allegations unsupported by the facts as presented in the pleadings to proceed past this initial stage. *See Will County Carpenters*, 675 F.2d at 883. Furthermore, her allegations of defamation of character and police brutality are simply not supported by any facts in the complaint. There is virtually nothing in the complaint which can serve to assist the defendants in preparing a defense to her accusations. Therefore, we must dismiss this complaint for failure to satisfy the requirements of Rule 8.

That being said, however, we will dismiss this case without prejudice and allow Evans the opportunity to correct the deficiencies in her complaint. If that is her desire, we offer the following suggestions. First, clearly identify and list the civil or constitutional rights that have been violated. Designate each of these violations as a separate count in the complaint. For example, if the defendants have violated her civil rights and she wants to pursue a cause of action under 42 U.S.C. § 1983, then she must allege that the defendants deprived her of a federal right and that the defendants who deprived her of this right acted under the color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920 (1980); *Alvarado v. Litscher*, 267 F.3d 648, 650 (7th Cir. 2001). Similarly, allegations of defamation of character and police brutality should be asserted as separate counts. Second, once the counts have been delineated, it would be

4

advisable for Evans to explain in clear and concise statements why the actions are impermissible. At this stage, it would be helpful to provide facts specific to each particular count which would enable the defendants to properly prepare a defense against the allegations. Finally, once this is complete, Rule 8(a) requires a statement of the relief Evans seeks (we should note that we feel Evans has satisfied this particular requirement in her present complaint).

## CONCLUSION

For the foregoing reasons, we grant the defendants' motion to dismiss the plaintiff's complaint without prejudice for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The plaintiff's request for court ordered mediation is denied as moot. This case is terminated.

It is so ordered.

Wayne R. Andersen
United States District Court

Dated: 12-18-2001

5